IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

DE'RON DE'VAUGHN MAHONE, :
:
    Plaintiff, :
: No. 4:19-cv-00117-CDL-MSH
  v. :
:
STATE OF GEORGIA, *et al.*, :
:
    Defendants. :
_____

**ORDER**

Plaintiff, an inmate currently confined at Autry State Prison in Pelham, Georgia, moves to reopen his time to file a notice of appeal (ECF No. 48) from the Court's Judgment (ECF No. 37) in favor of Defendants. Defendants have filed no response to this motion. Plaintiff previously filed a similar motion (ECF No. 43), along with a notice of appeal (ECF No. 42). The Eleventh Circuit dismissed (ECF No. 46) his notice of appeal because Plaintiff failed to pay the filing fee or move for leave to proceed *in forma pauperis*. Accordingly, the Court denied as moot (ECF No. 47) his first motion to reopen. Thus, the Court construes Plaintiff's pending motion as a renewed motion to reopen.

Federal Rule of Appellate Procedure 4(a)(6) provides that "[t]he district court may reopen the time to file an appeal

for a period of 14 days after the date when its order to reopen is entered" if three conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Procedure 77(d) of the entry, whichever is earlier; and
> (C) the court finds that no party would be prejudiced.

Here, Plaintiff satisfies all three conditions. First, Federal Rule of Civil Procedure 77(d) requires the Clerk to serve the parties with notice of entry of judgment according to the requirements of Federal Rule of Civil Procedure 5(b). Rule 5(b)(2) provides, *inter alia*, that a document may be served by "mailing to the person's last known address—in which event service is complete upon mailing." The Court mailed its Judgment on June 22, 2020, but it was returned as undeliverable on June 30, 2020. *See* Mail Returned, ECF No. 38. It is unclear why the mail was returned because Plaintiff was confined at Autry State Prison at the time the Clerk mailed the Order and Judgment, and he remains confined there. Nevertheless, the present record establishes that Plaintiff was not notified of the Judgment until the Clerk informed him

of the Judgment on August 26, 2020, in response to a letter from Plaintiff inquiring about the status of his case. Clerk's Letter 1, ECF No. 40.  The Clerk, however, did not mail Plaintiff the Judgment until the Court received Plaintiff's second letter of inquiry on September 15, 2020. Plaintiff claims he did not actually receive the Judgment until September 22, 2020.  Consequently, the present record establishes that Plaintiff received notice under Federal Rule of Civil Procedure 77(d), at the earliest, when the Clerk mailed the Judgment on September 15, 2020, which was substantially later than twenty-one days after the Court entered the Judgment on June 22, 2020.

Second, Plaintiff signed his first motion to reopen the time to file an appeal on September 24, 2020, which is well within fourteen days of being notified of the Judgment.  1st Mot. to Reopen 2, ECF No. 43.  "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing."  *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) (internal quotation marks omitted).  "Unless there is evidence to the contrary, like prison logs or other records, we assume that a prisoner's motion was delivered to prison

3

authorities on the day he signed it." *Id.* Thus, Plaintiff signed and filed his first motion within fourteen days of receiving notice of entry of the Judgment, which at the earliest was September 15, 2020. Although the Court denied his first motion to reopen as moot on October 23, 2020, Plaintiff timely filed his pending renewed motion on November 4, 2020. 2d Mot. to Reopen 4, ECF No. 48.

Finally, there is no evidence that Defendants would be prejudiced by reopening the time to file an appeal. None of the Defendants even bothered to respond to Plaintiff's first motion to reopen or his renewed motion. Therefore, they clearly have failed to allege prejudice, and the Court can conceive of none. Having satisfied the requirements for reopening the time to file an appeal, Plaintiff is entitled to the relief he seeks. He must file any notice of appeal within **FOURTEEN (14) DAYS of service of today's order.**

In his motion to reopen, Plaintiff also appears to request leave to proceed *in forma pauperis* on appeal. Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize an appeal of a civil action or proceeding without prepayment of fees or security therefor if the putative appellant has filed "an affidavit that includes a statement of all assets" and

4

"state[s] the nature of the . . . appeal and [the] affiant's belief that the person is entitled to redress."[1]  If the trial court certifies in writing that the appeal is not taken in good faith, however, such appeal may not be taken *in forma pauperis*.  28 U.S.C. § 1915(a)(3).  "'[G]ood faith' . . . must be judged by an objective standard."  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue.  *Id.*; *see also Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir. 1981).  An issue "is frivolous if it is 'without arguable merit either in law or fact.'"  *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).  "Arguable means being capable of being convincingly argued."  *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted).  "In deciding whether an [in forma

---

[1] Federal Rule of Appellate Procedure 24 similarly requires a party seeking leave to appeal *in forma pauperis* to file a motion and affidavit that establishes the party's inability to pay fees and costs, the party's belief that he is entitled to redress, and a statement of the issues which the party intends to present on appeal. Fed. R. App. P. 24(a).

5

pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Here, Plaintiff has filed neither the appropriate affidavit nor a statement concerning the nature of his appeal. Therefore, when Plaintiff files his notice of appeal, he must also file a separate motion for leave to proceed *in forma pauperis* on appeal which satisfies these requirements. The Clerk is **DIRECTED** to send Plaintiff the appropriate forms.

SO ORDERED, this 3rd day of December, 2020.

S/Clay D. Land<br>
HONORABLE CLAY D. LAND<br>
UNITED STATES DISTRICT JUDGE